No. 26,421.

THE STATE OF KANSAS, ex rel. CHARLES B. GRIFFITH, Attorney-general, *Plaintiff*, v. W. L. RUSSELL et al., as THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MORTON, *Defendants*.

SYLLABUS BY THE COURT.

COUNTIES—*Removal of County Seat—Sufficiency of Petition for Election.* A petition for an election to decide a proposition for relocation of the county seat of Morton county was signed by more than half of the legal electors of the county at the time the petition was filed, whose names appeared on the last assessment rolls. *Held*, the petition was sufficient.

Original proceeding in mandamus. Opinion filed June 12, 1926. Writ allowed.

*Charles B. Griffith*, attorney-general, *W. C. Ralston*, assistant attorney-general, and *Arthur L. Maltby*, of Elkhart, for the plaintiff; *Clad Hamilton* and *Donald A. Campbell*, both of Topeka, of counsel.

*Stephen H. Allen, Otis S. Allen* and *George S. Allen*, all of Topeka, for the defendants.

The opinion of the court was delivered by

BURCH, J.:   The action is one of mandamus to compel the board of county commissioners of Morton county to call an election to decide a proposition for removal of the county seat from Richfield to Elkhart.

The removal petition was filed with the board of county commissioners on April 6, 1925. The petition was prepared and presented pursuant to chapter 134 of the Laws of 1925. In July, 1925, the court determined two preliminary questions, as follows:

"Chapter 134 of the Laws of 1925 does not violate section 17 of article 2 of the constitution of this state. For the purpose of determining whether or not a petition to call an election for the relocation of a county seat has the signatures of the required number of electors, the board of county commissioners must verify the petition by the last complete assessment rolls of real property and the last complete assessment rolls of personal property. . . ." (*State, ex rel., v. Russell,* 119 Kan. 266, syl. ¶¶ 1, 2, 237 Pac. 877.)

Subsequently, the Hon. Frank L. Martin, of Hutchinson, was appointed commissioner to take evidence and report to the court findings of fact and conclusions of law relating to sufficiency of the petition. The commissioner reported the petition was signed by a sufficient number of the legal electors whose names appeared on the

Counties, 15 C. J. pp. 431 n. 82, 433 n. 6.

assessment rolls for 1924, which were the last complete assessment rolls by which the petition was to be verified. Exceptions were taken to the report. One of them presents a question the decision of which determines the cause.

To ascertain the number of petitioners necessary to initiate an election, the commissioner purged the 1924 rolls of the names of those who, according to evidence produced, were not electors on April 6, 1925, and divided the number remaining by two. Defendants contend the names of all electors on the 1924 rolls should have been counted and the number divided by two. The question is, Which method is correct? The court is of the opinion the number of legal electors at the time the petition was filed, whose names appeared on the rolls, controls.

The statutes governing the case read as follows:

"The board of county commissioners shall, upon the petition of one-half of the legal electors of such county, order an election for the relocation of the county seat of any such county. . . .

"For the purposes of this act, the county commissioners shall be governed by the last assessment rolls of the several township and city assessors of the county, and no petitioner shall be deemed a legal elector unless he be an elector and his name appears on said rolls." (R. S. 19-1602, as amended by ch. 134, Laws 1925; R. S. 19-1604.)

The county-seat law of 1868 contained the following provision:

"For the purposes of this act, the number of legal electors in the county shall be ascertained from the last assessment rolls of the several township assessors in the county." (Gen. Stat. 1868, ch. 26, § 4.)

In 1883 this section was repealed, and R. S. 19-1604 was substituted. The result is, the number of legal electors on the last assessment rolls no longer controls in determining the number of electors necessary to initiate an election. Qualification to petition controls. In determining the number qualified to petition, the board must be governed by the assessment rolls. To prevent colonization, the names of petitioners must be on the rolls. They must also be electors. But removal of a county seat is a subject of present practical interest at the time removal proceedings are initiated, and the body of electors, one-half of whom must petition, does not include those on the rolls who died or who removed from the county before presentation of the removal petition.

Defendants contend the foregoing interpretation of the statute makes application of it impracticable for want of time in which to

purge the rolls. The contention is not regarded as meritorious, and the method pursued by the commissioner is approved. Defendants contend certain of the petitioners counted by the commissioner were not qualified. Conceding but not deciding that the contention is well founded, the petition was nevertheless signed by the requisite number of qualified persons. A contention that the statute under which the petition was prepared and presented is unconstitutional, is regarded as unsound.

The report of the commissioner is approved, and the writ is allowed.